# CASES

# SUPREME JUDICIAL COURT,

## PHINEHAS DRINKWATER *vs.* PORTLAND MARINE RAILWAY.

Where an act of another State of the Union, incorporating certain persons as a manufacturing company, makes the private property of the stockholders liable for the fulfilment of the contracts of the company, but points out no mode in which this liability may be made available ; *if the Courts of other States* are bound to notice and give effect to this remedial provision, the course of proceeding must be regulated by the law of the State, where the remedy is sought to be enforced.

The private property of stockholders, in corporations created after *February* 16, 1836, excepting banking corporations, *is not made subject to attachment on a writ* against the corporation. The creditor must obtain *judgment against the corporation*, before he can have his remedy against stockholders.

ASSUMPSIT to recover the amount of dividends on shares owned by the plaintiff in the corporation.

At the trial before SHEPLEY J. it was proved that the plaintiff owned the shares, that the dividends had been declared, that a demand for them had been made, and payment refused, because they were said to have been under an attachment on a suit instituted by *Davis & Marwick* vs. *The Georgia Lumber Company*. On the back of this writ was an order, signed by the plaintiffs in that suit, directing the officer to attach the property of *Phinehas* Drinkwater and others named, " members of the *Georgia Lumber Company.*" The officer returned on the writ an attachment of the shares of *Drinkwater* in the *Portland Marine Railway*.

The defendants read an act of the State of *Georgia*, incorporating *Stephen Chase* and others, and their associates, as the *Georgia Lumber Company*. This act made the private property of the stockholders liable for all contracts of the corporation, made while they were stockholders, but provided no mode of attaching or taking their property for the debts of the corporation. The defendants also read an act of the legislature of this State, *February* 14, 1837, authorizing the *Georgia Lumber Company*, incorporated by the legislature of *Georgia*, " to establish and keep an office of business within this State, and to employ their surplus capital and funds in any way not inconsistent with the constitution and laws of the *United States*, and of the *State* of *Maine*, and in conformity with their act of incorporation, to an amount not exceeding one hundred thousand dollars." The act also provided, that the *Georgia Lumber Company*, " by their corporate name, may sue and be sued, plead and be impleaded, in any Court of law or equity in this State." This act contained no other provisions. The *stat*. 1836. *c.* 200, § 3, provides, " that in all corporations hereafter created by the legislature, excepting banking corporations, unless otherwise specially provided for in the act of incorporation, the shares of individual stockholders shall be liable for the debts of the corporation. And in case of deficiency of attachable corporate property or estate, the individual property, rights and credits of any stockholder shall be liable, to the amount of his stock, for all debts of the corporation contracted prior to the transfer thereof, for the term of one year after the record of the transfer in the books of the corporation, and for the term of six months after judgment recovered against said corporation, in any suit commenced within the year aforesaid ; and the same may be taken in execution on said judgment, in the same manner as if said judgment and execution were against him individually, or said creditor, after said judgment, may have his action on the case against said individual stockholder ; but in no case shall the property, rights and credits of said stockholder be taken in execution or attached as aforesaid, beyond the amount of his said stock." The fourth section provides, " that it shall be the duty of the officer having said execution, to appropriate towards the satisfaction thereof, in part or in whole, any corporate property or estate which he can find, and if sufficient cannot

be found, to certify said deficiency on said execution, and to notify the individual stockholder by giving him forty-eight hours previous notice thereof whose property he is about to take ; and if said stockholder resides out of the State, said notice shall be given to his agent, if he has any within the State, otherwise to the clerk of said corporation ; and if such individual stockholder, his agent or said clerk, on demand of said officer and notice as aforesaid, shall disclose and show to the execution creditor, or officer, attachable corporate property or estate sufficient to satisfy said execution and all fees, his individual property, rights, and credits, shall thereupon be exempt from attachment and execution. And said action on the case shall not be commenced against said stockholder, until demand and notice as aforesaid."

If the plaintiff was, upon the facts, entitled to recover, the defendants were to be defaulted; and if not, a nonsuit was to be entered.

*Preble*, for the plaintiff.

*W. P. Fessenden*, for the defendants.

The opinion of the Court was by

Weston C. J. — The third section of the act of *Georgia*, which created the *Georgia Lumber Company*, made the private property of the stockholders liable for the fulfilment of their contracts. In what manner this liability may be made available to those, who may have claims upon the company, the act does not prescribe. Whether the courts of other States are bound to notice and give effect to this remedial provision, may be questionable. But if they are, the course of proceeding must be regulated by the law of the State, where the remedy is sought to be pursued. This must necessarily be governed by the *lex fori*.

The attachment of property, when a suit is instituted, to satisfy the judgment, which may eventually be recovered, is given and regulated by statute. *St.* of 1821, *c.* 60. It has reference, manifestly, to the property of the party defendant in the suit. It does not authorize the attachment of the goods or estate of persons collaterally liable, who are not made parties.

The State of *Maine*, having recognized the corporate existence

of the *Georgia Lumber Company*, and invested it with certain powers, it became thereupon subject to the provisions of the *statute* of 1836, *c.* 200, concerning corporations. By the third section of that statute, individual stockholders are made liable for corporate debts. And their property may be taken on the execution of the judgment creditor, where there is a deficiency of attachable corporate property or estate.

The statute points out no mode, by which this course of proceeding may be made part of the mandate of the execution ; but would seem to leave the creditor to act at his peril upon the assumption, that the person, whose property he causes to be seized, is a stockholder. But we are not called upon to decide, in what manner the rights of a creditor, after he has obtained execution, may be enforced against the stockholders ; but whether he is justified in attaching their private property before judgment. We find no such authority in our law regulating attachments, nor is it given in any statute to which we have been referred. An amendment of the writ, moved for by the plaintiff's counsel, could not confer it. It could not call into action a power not previously given. It results that the attachment, under which the defendants justify, cannot be sustained.

*Defendants defaulted.*